**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATANAEL BARRIOS-ALVAREZ, | No. 13-71237 |
| Petitioner, | Agency No. A087-858-085 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015**

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Natanael Barrios-Alvarez, a native and citizen of Guatemala, petitions pro se

for review of a Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, protection under the Convention Against Torture ("CAT"), and

---

      \*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      \*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

We deny the petition with respect to Barrios-Alvarez's asylum claim because the record does not compel the conclusion that he established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *see also Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010).

Substantial evidence supports the agency's finding that Barrios-Alvarez failed to establish it is more likely than not he would be persecuted in Guatemala on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (applicant must prove that a protected ground will be at least 'one central reason' for the persecutors' acts); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). We reject Barrios-Alvarez's contention that the BIA's analysis was insufficient. *See Najmabadi v. Holder*, 597

F.3d 983, 990 (9th Cir. 2010). Thus, Barrios-Alvarez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of Barrios-Alvarez's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the Guatemalan government if returned. *See Silaya*, 524 F.3d at 1073.

Finally, we lack jurisdiction to review the agency's finding that Barrios-Alvarez failed to demonstrate the requisite exceptional and extremely unusual hardship to qualify for cancellation of removal. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-71237